## TALLMAN *versus* SNOW.

In a deed conveying land with a right to immediate possession, a condition that a third person shall be allowed to have the use and occupation of it for life, *if he shall request it,* is a condition subsequent.

In order to revest an estate, after the breach of a condition subsequent, an entry by the grantor or by those who have succeeded to his right, is indispensable.

ON FACTS AGREED.

WRIT OF ENTRY.

In 1837, Peleg Tallman conveyed to his son, Henry Tallman, a lot of land lying *in Bath,* to be held during the lifetime of Henry, remainder to Peleg Tallman, the second, in fee ; "on condition that said Henry and Peleg, the second, shall allow [this demandant] Eleanor Tallman, wife of said grantor, to have the use, occupation and improvement of the same, during her natural life, if she shall request it." Peleg Tallman, the grantor, after giving the deed, occupied the

premises for two or three years, and until he died, in 1841, having, by his will devised to said Eleanor, for her natural life, all his real estate *in Bath*, not otherwise disposed of, with reversion to said Henry.   In 1844, Henry conveyed the lot by a deed under which the title came to the tenant.

After the tenant's title accrued, and shortly before this suit was brought, the demandant, by her attorney, demanded of Henry her life estate or an exhibition of his title.   In neither respect was this demand complied with.   The deed to Henry was not recorded until 1847, after the commencement of this suit, which was brought to recover possession of the lot.

On this statement of facts, the case was submitted to the Court.

*Randall*, for the demandant.

As the possession remained in Peleg Tallman up to the time when the will took effect, both the deed and the will may be taken together and explain each other.

The deed was upon a condition precedent.   It was that, if she desired it, the occcupation was to be allowed to her. That she desired the occupation is proved by the demand which she made.   By failure to perform the condition, the title under the deed was forfeited and became void.   Her right to a life estate under the will then became perfected. But, as a demand was made before the suit, it makes no difference whether the condition of the deed was precedent or subsequent.   *Frost* v. *Butler*, 8 Maine, 225 ; *Foxcroft* v. *Mallett*, 4 How. 353 ; *Bean* v. *Whistler*, 7 Watts, 144 ; *Nason* v. *Blasdell*, 17 Vermont, 216 ; *Commonwealth* v. *Fiske*, 8 Metc. 238 ; *Bryan* v. *Bradley*, 16 Conn. 474 ; *Stearns* v. *Godfrey*, 16 Maine, 158 ; *Fox* v. *Phelps*, 17 Wend. 393 ; 20 Wend. 437.

The deed from Henry Tallman, under which the tenant claims, was, of itself, a breach of the condition contained in the deed from Peleg Tallman, and operated a forfeiture.   For it deprived him of the means to comply with the condition. The deed from him, therefore, conveyed nothing, and the

tenant is without title. 7 Watts, cited above; 4 Howard, cited above; *Cross* v. *Colman,* 8 Dana, 446.

The demandant's claim therefore is: —

1. That she holds under her husband's will, unless the title of Henry under his unrecorded deed defeats it.

2. That his title does not defeat it, because the life estate is expressly reserved in the deed to Henry.

3. If it was not expressly reserved, yet his deed being only on an express condition, the title was divested by a refusal to perform.

*Tallman,* for the tenant.

TENNEY, J. — The conveyance of Peleg Tallman to Henry Tallman, by the deed of the former, dated Feb. 16, 1837, was upon condition. It was clearly the intention of the grantor, as shown by the terms of the condition, that the whole estate should pass immediately upon the delivery of the deed to the grantee. And that the request of the demandant to have the use, occupation and improvement of the premises, would not be made till a future time, the grantor being in full life, at the time when the deed was to take effect. Hence the condition was subsequent, and the entire title vested in the grantee, and he could enjoy the estate exclusively till it should be surrendered on the request of the demandant, or until his title should be divested by reason of a forfeiture for the non-fulfillment of the condition.

If the demand for the use, occupation and improvement of the premises contemplated in the condition of the deed, was made in the mode, by the person, and of the one, necessary to make that demand legally effectual, and there was a refusal to surrender it of which we see no occasion to examine and decide, it would amount to a breach of the condition, and there would be a forfeiture. But some further act is necessary to the maintenance of the present suit.

After the breach of a condition subsequent, an entry is needful to avoid the estate, and cause it to revest in the person, who had it originally, or one, who has succeeded to his

rights. Until this, the party who committed the breach, would hold the title notwithstanding. There may have been a dispensation by him, who was entitled to insist upon the forfeiture. Shep. Touch. 154; Litt. § 351; Co. Litt. 218, (b) note 133. The entry is not a matter of form only, which may be dispensed with under R. S. c. 145, § 6, but remains as it was at common law, where it is of substance and intended to cause a forfeiture of the estate. *Marwick* v. *Andrews*, 25 Maine, 525; *Bangor* v. *Warren*, 34 Maine, 324. See *Austin* v. *Cambridgeport Parish*, 21 Pick. 215.

If the demandant by virtue of the condition of the deed from Peleg Tallman, to Henry Tallman, and of the will of Peleg Tallman, her late husband, or both, was entitled to claim the forfeiture and the estate for her life in the premises, the steps indispensable for the enforcement of her rights before the institution of a suit like the present have not been taken. If the deed had conveyed an estate to be determined by limitation, it would have been otherwise, an entry not being required to revest the title. *Frost* v. *Butler*, 7 Greenl. 225. *Plaintiff nonsuit,*

*judgment for the tenant.*

SHEPLEY, C. J., and HOWARD, RICE and APPLETON, J. J., concurred.