PARSONS and another *against* CAMP and another:

IN ERROR.

Where *A* sold and conveyed land to *B*, by deed, and there was, at the same time, a parol agreement between them, that *A* should have free ingress and egress to take and remove certain articles of personal property belonging to him, and to remain in possession, for that purpose, a reasonable time; in an action of trespass *quare clausum fregit*, brought by *B* against *A*, it was held, that such agreement amounted to a license, and neither affected, nor was affected by ,the deed; consequently, parol evidence was admissible to prove it.

It being shown, in such case, that the purposes for which the license was given, had been accomplished, more than twenty days before the entry complained of; the plaintiff prayed the court to instruct the jury, that such license had become inoperative, so as to afford no justification to the defendant; and the court omitted so to instruct the jury; it was held, that such omission was not a ground of error, inasmuch as the question of reasonable time depended upon all the facts in the case, which it was incumbent upon the party taking the exception to show, but which the record did not present.

Manure spread upon land, or scattered about the barn-yard, will pass, by a deed of the land.

But heaps of manure, under certain circumstances, are personal property, and will not pass, by a deed of the land.

Where the question to be determined, was, whether manure, situated as it was at the time the land was conveyed, passed by the deed; and it was claimed, by one party, that it lay in heaps in the barn-yard; and this was denied, by the other party, who claimed, that it had been collected for the purpose of manuring the land conveyed, and also claimed, that there was a general usage of the state, by which manure in the yard, before it is spread upon the land, whether in heaps or not, is conveyed with the land; and the court, overlooking these matters of fact in dispute between the parties, instructed the jury, that the manure was personal property, and did not pass by the deed; it was held, that the charge was erroneous.

THIS was an action of trespass *quare clausum fregit*, and for taking and carrying away manure, brought by *Nathan Parsons* and *Seth R. Strong* against *Heth F. Camp* and *Miles Merwin*, jr., before a justice of the peace, and appealed to the county court of *Middlesex* county. To this action the defendants pleaded, that on the 3d of *September*, 1829, the defendant, *Camp*, owned and possessed the land described in the declaration, and certain articles of personal property growing and being on the land, and then conveyed said land to the plaintiffs; and it was then and there agreed, by the parties,

*Middlesex,*
*July, 1836.*

Parsons
*v.*
Camp.

that said *Camp* might remain in possession a convenient time, and have free ingress, egress and regress to take and remove said articles; that said *Camp* also owned a large quantity, *viz.*, ten loads of manure, heaped up and deposited in the barn-yard on said land, in a fit condition to be spread and used for manure; and that said *Camp*, and said *Merwin* as his servant, did carry away said manure, in a reasonable time, as they lawfully might. The plaintiffs, in their replication, denied the agreement set forth; *Camp's* ownership of any personal property; and any license to enter and take, &c.; and issue was joined thereon.

On the trial before the county court, the defendants offered parol evidence to prove the license and agreement stated; to which the plaintiffs objected. The court overruled the objection, and admitted such evidence.

The defendants claimed, and introduced evidence to prove, that at the date of the deed, a quantity of the manure mentioned in the declaration, not exceeding six loads, was in heaps in the barn-yard, and requested the court to instruct the jury, that it was personal property, and was not conveyed by the deed. The plaintiffs offered evidence to prove, that it was not in heaps, and claimed, that it had been collected and prepared for the purpose of manuring and enriching the land conveyed by the deed, and not as an article of trade or merchandize; and that it was necessary for the beneficial occupation of the land by cultivation; and that upon principles of law and the general usage of the state, manure in the yard, before it is spread, whether in heaps or not, is conveyed, by a deed of the land. The court charged the jury, upon this point, that said manure was personal property, and was not conveyed with the land.

The plaintiff claimed also to have proved, that all the purposes, for which the license, claimed by the defendants from the plaintiffs to *Camp*, had been given, (except as to the manure) had been completed, more than twenty days before the acts complained of in the declaration, were committed; and prayed the court to instruct the jury, that such licence would not justify the defendants in entering upon the land and removing the manure. The court did not so instruct the jury.

A verdict being given for the defendants, the plaintiffs filed a bill of exceptions, and thereupon brought a writ of error in the superior court, where the judgment of the county court was

affirmed. The plaintiffs then, by motion in error, brought the record before this court for revision.

*Middlesex,*
July, 1836.

Parsons
*v.*
Camp.

*Stanley,* for the plaintiffs in error, contended, 1. That parol evidence was inadmissible to prove the agreement and license claimed by the defendants. The immediate and exclusive possession of the premises, is a constituent and essential part of the conveyance, and necessarily implied in its terms. The words which purport to *convey,* are the operative words; and these cannot be varied, by parol testimony. *Dutt. Dig.* 124 to 132, and cases cited.

2. That manure, situated as the plaintiffs claimed this to have been, is an appurtenance of the soil, and passes, by a deed of the land, unless specially reserved. *Kittredge* v. *Woods,* 3 *N. Hamp. Rep.* 503. *Lassell* v. *Reed,* 6 *Greenl.* 222. *Miller* v. *Plumb,* 6 *Cowen* 665. 2 *Kent's Com.* 345, 6. (2nd ed.)

3. That admitting a licence to have been given, as pleaded, for a special purpose; and that, as the plaintiffs claimed and offered to prove, that purpose had been accomplished, before the manure was taken; an entry for any other purpose, and especially after the special purpose had been accomplished, was *without licence,* and a trespass; and so the court ought to have charged the jury. A licence must be strictly pursued. It will not justify acts out of or beyond it.

*R. S. Baldwin,* for the defendants in error, contended, 1. That the parol evidence offered on the trial, did not vary or affect the deed. The agreement presupposes that the title to the land had passed, by the deed, and that the right of possession was in the plaintiffs. The agreement was *collateral* to the deed. It authorized the entry of the defendants upon the plaintiffs' land. They were not trespassers for breaking the close.

2. That manure, not spread upon the land, but in heaps in the barn-yard, is a personal chattel, and, of course, does not pass, by a deed of the land. 1 *Sw. Dig.* 445. Real estate is immoveable; but manure in heaps is intended to be removed, and is useless until it is removed and spread. In the case of *Kittredge* v. *Woods,* the manure was made under a special contract that it should be used on the land. The general

practice in this state has been for the out-going tenant to have the manure.   The keepers of livery stables always dispose of the manure as their own ; and the landlord never claims it.— Rails in a fence pass with the land ; but would rails in a heap so pass ?

3. That if the manure was personal property, it was a question for the jury to decide, whether the defendant, *Camp*, had exercised his right under the license, *in a reasonable time*. The finding of the jury settles this question.   If the entry was lawful, the defendants are not liable, in this action, for any abuse of the license.

WILLIAMS, Ch. J.   The first question presented, is, as to the admission of parol testimony to prove the agreement under which the defendants claimed a right to enter.   They claim a license to enter upon the land, to take their own property, or that of one of them ; and although a title to real estate cannot be created by parol, yet a parol license will always prevent the party giving it from sustaining an action of trespass ; not that it gives a title, but because it shows there has been no trespass. But although this has not been denied, it is said, all the contract of the parties was merged in the deed ; and *Camp* having reserved no right or interest in the land, can now have none ; and therefore, this evidence was not admissible.   The deed purported to convey, and did in fact convey, all *Camp's* interest in the land ; and if the plaintiffs claimed any interest therein, however small, the deed would be conclusive evidence that there existed no such interest.   But the defendants claim no right in opposition to this deed, or against the right of the plaintiffs under it ; but admitting that right, they claim under it and by virtue of it.   They claim, that they entered under the rightful owner, and not under any parol reservation of a part of the original right.   It is not, then, easy to see, how this differs from the ordinary case of a parol license.   The claim of the defendants, in this case, is merely this ; that these acts were done by the consent of the person, who claims he has been injured thereby ; and that he who consented cannot be considered as injured :   *Volenti von fit injuria.*

It is said, that this agreement was made at the time the deed was given ; and that all parol contracts connected with that transaction, are merged in the deed.   The rule on that sub-

ject, is not more inflexible than that parol evidence is not to controul or vary a deed or writing. But this is a case of that kind which neither affects, nor is affected by, the deed.

Again ; it was claimed, that the court erred in not instructing the jury, that this license was no justification, on account of the time which had elapsed since it was given. No time being fixed by the parties, a reasonable time must be given. What constitutes a reasonable time, is partly a question of law, and partly a question of fact. The mere circumstance that more than twenty days had elapsed since all the other objects of the license were accomplished, would not conclusively prove, that a reasonable time had elapsed. It is not stated, whether any, and if any, what circumstances, were given in evidence to show, that this was not a reasonable time. Now, the party who claims, that the court omitted to instruct the jury on a point of law, which can arise only upon all the facts in the case, must show to this court, that all these facts are presented here, that were before the court below. Here, nothing is stated, but the plaintiffs' proof and their claim, without any allusion to the manner in which that claim was met. If no proof was offered to meet this, that fact should have been stated ; and then this court would have been able to judge whether they were acting upon the same facts as the court below ; and whether there was an omission in the charge, of which these parties can complain. The parties have been before the jury upon this question of a reasonable time ; and although it may have been proper for the court to have expressed to the jury an opinion upon this subject, yet that must be shown affirmatively to the court, before they will reverse the judgment. Upon these points, therefore, this court concur with the superior court.

Another question is, whether this manure was personal property, and, as such, remained the property of *Camp ;* or whether it passed under his deed, as a part of the realty, or an appurtenance. That manure spread upon the land will pass with the land, has not been denied. And on the other hand, that heaps of manure, under certain circumstances, would not pass, by a conveyance of the land, did not seem to be claimed. The question intended here to be tried, was, whether this manure, situated as it was, at the time of this conveyance, was fairly comprehended in it and passed by it. What the exact situation of this manure was, does not appear. Each party

was desirous to have the facts found in such a manner respecting it as to place the case on the most favourable ground to support their respective claims. The defendant claimed, that it lay in heaps in the farm-yard. The plaintiffs denied this; and further claimed, that it had been collected, for the purpose of manuring and enriching the very land conveyed, and not to be sold or removed from the land; and still further claimed, that by the general usage of the state, manure in the yard, before it is spread upon the land, whether in heaps or not, is conveyed with the land as an appurtenance. The question then, whether this manure was in heaps in the yard or not, was a matter upon which the parties were at issue. It was a fact affirmed on one side, and denied on the other. A usage also was set up, by the plaintiffs. They claimed, that even if these questions of fact were against them, they had a right to this property; but the court, overlooking the matters of fact in dispute between the parties, told the jury, that this manure was personal property, and did not pass by the deed. The court has thus taken for granted the facts in dispute, and charged the jury as if they were all agreed; or else it supposed, that the law was with the defendants, even if all the facts were as claimed by the plaintiffs. This, however, has not been claimed by the counsel for the defendants. It cannot be contended, that manure, spread upon the land, or scattered about a barn-yard, could be taken away, by the vendor of the land. And if the only claim of the defendants depended upon the fact that the manure was in heaps in the yard, that fact should have been submitted to the jury; and this not having been done, the charge was erroneous. Whether if that fact had been found for the defendants, they would have right to take away the manure, is a question of some interest to the community; and as the court is not full, and the judges present all concur in opinion that there must be a reversal upon the last point, we shall not examine that question, and adjudge, that there is error in the judgment of the superior court.

The other Judges concurred in this opinion, except Church, J., who was absent, and gave no opinion.

Judgment reversed.