BOWEN *against* BOWEN.

18 535
74 635

*A* gave a deed of his farm to his son *B,* upon condition that it should be void, unless *B* should, within a limited time, pay 100 dollars to *C,* another son of *A. B* accepted the deed, and went into possession. *C* transferred his claim to *D; B* having no notice of such transfer. *B* failed to pay the money, either to *C* or *D,* when it became payable. At this time, *C* was indebted to *B,* and was insolvent. *A* having died, *E,* another son and heir of *A,* went upon the land, and demanded seisin and joint possession thereof with *B,* but made no claim of entry for breach of the condition of the deed from *A* to *B.* Held, 1. that by the non-payment of the money, the condition of the deed was broken, and a forfeiture incurred; 2. that *E,* as one of the heirs of *A,* was entitled to insist on a strict performance of such condition, and to take advantage of the forfeiture; but 3. that *E* could not do this, so as to devest the estate of *B,* without an actual entry for the breach of the condition; 4. that to render an entry effective, it must be made for this purpose; 5. that consequently, the entry here made, not for this, but for a different, purpose, was insufficient, and laid no foundation for a recovery in ejectment by *E* against *B.*

THIS was an action of ejectment; tried at *Brooklyn, January* term 1847 before *Williams,* Ch. J.

On the 27th, of *April,* 1823, *Eleazer Bowen,* the father of the parties, being the owner of the demanded premises, by his deed of that date, conveyed them, for the consideration of 2000 dollars, to *Silas* and *Anthony Bowen.* To this deed there was a condition annexed, that it should be void, unless

the grantees should, within a limited time, pay certain sums of money to the other children of the grantor, among whom was his son *Amasa*, who was to be paid 100 dollars.    On the 19th of *March* 1840, *Anthony Bowen* conveyed his interest in the premises to *Silas Bowen*, the defendant.    On the 14th of *February*, 1841, *Eleazer Bowen* died ; his wife having died before that time.    All the payments required by the condition of said deed, were duly made, by the defendant, except the sum of 100 dollars to *Amasa Bowen.*

The defendant produced in evidence a transfer of *Amasa Bowen's* claim under said deed to *William Bowen,* now deceased ; but there was no evidence of any notice of such transfer being given to the defendant ; nor was there evidence of any payment made therefor, other than the transfer imported.    The plaintiff claimed, that in fact there was no valid assignment ; and introduced evidence to show, that the defendant became possessed of the pretended assignment long after said sum of 100 dollars became due and payable.    It appeared, that when this sum became due, *Amasa Bowen* was wholly insolvent ; and that he was indebted to the defendant, by his promissory note, payable to the defendant or order, for the sum of ———— dollars, which had been by him endorsed to another person, and judgment recovered thereon, in the name of the indorsee.    This judgment, however, the defendant claimed was his, or for his benefit, and that he in fact still owned the debt.    During the year in which the present action was commenced, the land in question was in the occupancy of a tenant, who resided with his family thereon ; the defendant residing on another farm nearly a mile distant therefrom.

The plaintiff introduced the testimony of *Thomas E. Graves* Esq., who testified, that having advised the plaintiff, that as the defendant would be entitled to possession, as a joint owner of the land, it was necessary that the possession should be demanded jointly with the defendant ; that the plaintiff thereupon gave him authority to do all things necessary in the premises ; that for this purpose, he went on to the land, and into the barnyard on the same, and there made demand, no other person being present, as follows, *viz.*    " I hereby, as agent and attorney of *Millard Bowen,* [the plaintiff,] demand seisin and joint possession with *Silas Bowen* [the defendant,] of the land de-

scribed in this deed, [reading the deed of *Eleazer Bowen*, so far as relates to the description of the premises,] as heir of his father *Eleazer Bowen* ;" but that he made no claim of entry for breach of the condition of said deed, or to defeat the estate of the defendant, unless such claim was made by the proceeding above stated. The same witness further testified, that he did not go to the dwelling-house occupied by the tenant on the premises, and did not know who, if any one, resided in said house ; nor did he make enquiry for such tenant ; nor was there any one there, at the giving of said notice. He further testified, that he then went to the house of the defendant, and there demanded to be admitted into the possession of the property with him, and again read the description of the land from said deed ; not stating, however, to the defendant, that he claimed any breach of the condition, or that he had made an entry on the land ; and that the defendant, in answer thereto, said " very well, he would give it, when the court decided it, or when he got judgment, "or something of that import.

The defendant by his counsel prayed the court to instruct the jury, that if *Amasa Bowen*, being wholly insolvent, had in fact transferred and conveyed his interest in said 100 dollars to *William Bowen*, before the time when it became due and payable, though no notice of such transfer was given to the defendant, or demand made of payment ; yet as *Amasa Bowew* in fact ceased to have any interest in said payment, and had no right to receive it, no forfeiture was incurred, by such non-payment, on the day when it became payable.

The court instructed the jury, that if no payment or tender of said sum of 10u dollars was made at or before the time when it became due, either to *Amasa* or *William Bowen*, then the condition of said deed was broken, and a forfeiture incurred.

The defendant by his counsel further prayed the court to instruct the jury, that there was no entry for forfeiture incurred, sufficient to defeat the estate of the defendant ; it being admitted, that there was no other evidence respecting such entry, than the testimony of said *Graves* above stated.

The court charged the jury, that to take advantage of a

forfeiture, there ought to be an open, notorious act, equivalent to investiture of land, by livery of seisin, that notoriety might be given to the change of title.

The jury returned a verdict for the plaintiff, and were by the court sent to a further consideration of the case, upon the ground that there was no sufficient proof of entry by the plaintiff. The jury returned again with a verdict for the plaintiff; which was eventually accepted. The defendant thereupon moved for a new trial for a misdirection upon the first point, and because the verdict was against the evidence on the other point.

*Strong*, in support of the motion, contended, 1. That the defendant, under the circumstances of this case, had not forfeited his title, by reason of the non-payment of the 100 dollars. *Amasa Bowen*, to whom this sum was originally payable, had assigned his claim to *William Bowen* ; and when it became due, was indebted to the defendant, and was insolvent. *Amasa*, therefore, had no right to insist upon a forfeiture. *Millard Bowen*, the plaintiff, had no claim whatever. **He** has not suffered by the non-payment of the money. Forfeitures are not favoured ; on the contrary, the courts lean against them. He who comes for his *pound of flesh*, must show a clear right to take it.

2 That in this case, there was no entry by the plaintiff sufficient to defeat the estate. The freehold had passed to the defendant ; and he was in peaceable possession. It could not be devested, for a breach of the condition in the deed, without an actual entry on the land, by the party claiming the forfeiture. *Chalker v. Chalker*, 1 *Conn. R.* 79. Here the essential requisites of a legal entry, were wanting. In the first place, though the plaintiff's agent went upon the land, he did not enter *for a breach of the condition*, but for a different purpose, *viz.* to demand possession jointly with the defendant. Secondly, the "notorious act of ownership," which the law requires, was wanting. The party to be affected by the entry, knew nothing of it. *Shep. Touch.* 153. 3 *Bla. Com.* 174, 5.

*Foster*, (with whom was *T. E. Graves*,) contra, contended,

1. That the instruction given to the jury, on the trial, that if no payment or tender of the 100 dollars was made, on or before the time when it became due, the condition of the deed was broken and a forfeiture incurred, was strictly correct. *Chauncey* & al. v. *Graydon,* 2 *Atk.* 619. *Burgess* v. *Robinson,* 3 *Meriv.* 9. *Gray* v. *Blanchard,* 8 *Pick.* 284. *Wheeler* & al. v. *Walker,* 2 *Conn. R.* 196. The condition here is an *express* one ; and on the non-payment of the money, at the time limited, the heirs of *Eleazer Bowen* became entitled to the estate, as though no deed had been given. The transfer of *Amasa Bowen's* claim to his brother *William,* did not save the forfeiture ; for the defendant had no notice of the transfer, and payment to *Amasa* would have been good.

2. That the defendant was not entitled to a new trial, on the ground that the verdict was against the evidence in the cause. A sufficient entry was proved. All that the law requires, was done. The plaintiff's agent went upon the land ; read a description of it ; and then demanded the possession of it, claiming a right to it as joint tenant with the other heirs. The entry was sufficiently *notorious.* It was not necessary for the plaintiff's agent to take witnesses with him ; nor to declare that the entry was made to take advantage of a forfeiture ; nor to state in what right he claimed. *Co. Litt.* 245. *a.* 3 *Stark. Ev.* 1193,4. *Bouv. L. Dict. verb. Entry. Doe* d. *Jones* v. *Williams,* 5 *B. & Adol.* 783. (27 *E. C. L.* 186. 189.) *Doe* v. *Griffith* v. *Pritchard,* 5 *B. & Adol.* 765. (27 *E. C. L.* 179. 184.)

3. That the design of the condition was a beneficent one—to make some provision for all the children of the grantor—and the grantees have no reason to complain, if they are held to a strict compliance. They chose to take the land, subject to the condition. Shall they have the land now, without paying or doing any thing ? Substantial justice will best be done, by giving full effect to the rules of law.

HINMAN, J. The plaintiff claimed title to the demanded premises, as tenant in common with the other heirs of *Eleazer Bowen,* the father of both the parties. The defendant's title was by deed from his father to him and his brother *Anthony,* and a subsequent deed from *Anthony,* of his share or interest in said lands to the defendant. To *Eleazer Bowen's*

deed there was a condition, that it was to be void, unless the grantees should, within a limited time, pay certain sums of money to the other children of said *Eleazer* ; among whom was the said *Eleazer's* son, *Amasa*, who was to be paid one hundred dollars. This not having been paid, the plaintiff, as heir of his father, claimed title, on the ground of a forfeiture of the defendant's title.

*Amasa* had transferred his claim to the 100 dollars to his brother *William* ; but the defendant had not been notified of the transfer, and the money had not been paid to *William*. At the time the money was payable, *Amasa* was insolvent, and was indebted to the defendant.

On these facts the court instructed the jury, that if no payment or tender of said 100 dollars had been made to *Amasa*, or to *William*, on or before it became due, then the condition of the deed was broken, and there was a forfeiture incurred.

This instruction was in strict conformity to the condition contained in the deed. But it is said, that the law leans against forfeitures ; and as the plaintiff is a stranger to the condition, having no interest in the money to be paid to *Amasa*, he is not entitled to a strict performance. The answer to this, is, that the plaintiff, being one of the heirs of the grantor, succeeds to the same rights his father had, and has now the same interest in the performance of the condition, that he would have, if alive. It is true, he has no interest in the money ; but he has an interest in the land, if it is not paid ; and this is sufficient to enable him to assert and maintain his title. The object of the grantor was, to secure the payments mentioned in the condition ; and the plaintiff, representing him, has a right to see that the payments are made. Unless, then, the condition is unlawful, it must be performed, or the defendant must lose his land. We have no doubt the instruction to the jury on this point was correct.

The next question is, whether the verdict is contrary to the evidence, in respect to the entry ; that is to say, whether the entry, proved by Mr. *Graves*, is such as is required to be made, in order to take advantage of the forfeiture.

The case of *Chalker* v. *Chalker*, 1 *Conn. R.* 79. adopts as the law of this state the ancient common law, that to take advantage of a forfeiture and revest a freehold estate, which is forfeited by the breach of a condition in the grant, there must

be an actual entry, or claim, by the grantor. The court, in instructing the jury in conformity to this principle, told them, in the language of the *Touchstone,* (*p.* 153.) that the entry for this purpose ought to be " an open and notorious act, equivalent to investiture of land by livery of seisin, that notoriety might be given to the change of title." The plaintiff insists, that the testimony of Mr. *Graves* proves such an entry as the law requires ; that though the charge was correct, by the old law, yet all that is meant by an open and notorious entry, is, that it should not be made in private ; that an actual entry, by the owner, or his agent, is sufficient ; and that it is not necessary for a party to declare, at the time, *quo animo* he enters.

*Windham,*
*July, 1847.*

Bowen
*v.*
Bowen.

It does not seem to be necessary now, that the party should declare at the time, for what purpose he enters. Indeed, it is very doubtful, whether this was ever necessary, though it is so laid down in 1 *Wms. Saund.* 119. *n.* 1. Lord *Denman,* in *Doe* d. *Jones* v. *Williams,* 5 *B. & Adol.* 783. (27 *E. C. L.* 186. 189,90.) says : " If a party enters to claim the premises as his own, it is not necessary for him to say, what particular act, adverse to his interests, he means to defeat." And *Park,* J. says, that the authorities cited in support of the note in Mr. Serjeant *Williams' Saunders,* do not support that proposition. Besides, on a question so purely technical, especially as the whole doctrine of entry rests upon reasons, which, since the practice of creating freehold estates by livery and seisin, has become obsolete, do not seem to have much weight, we should certainly be governed by the more modern and less rigid rule. Still it is admitted, that the charge was strictly correct, according to the ancient authorities ; and the case of *Chalker* v. *Chalker* shows, that entry, for the purpose of taking advantage of the breach of a condition, is a thing of substance : it operates an entire change of title, which, up to the time of the entry, remains in the grantee precisely as if no breach of the condition had happened. It is, therefore, an important act, divesting one party of his title, and vesting it in another. An act of this description, so important in its consequences, it would seem, ought to be shown, by satisfactory proof.

Assuming, then, that it is not necessary for the party entering to make a declaration of his object, at the time ; we yet

*Windham,*
*July, 1847.*

Bowen
*v.*
Bowen.

think, that this declaration is dispensed with, only because the object may as well be shown in some other way. It is laid down, in 4 *Phil. Ev.* 282 . (*Cow. & Hill's* ed.) that "it is necessary that the entry, to gain seisin, should have been notorious, and made expressly for that purpose." See also to the same effect *Co. Litt.* 245. *b.*, 268. *a.* If the entry must be made expressly for the purpose of gaining seisin, obviously the purpose must be proved. It may, undoubtedly, be proved, by the act of the party, as well as by his declaration ; but that, in some way, it should be shown, seems to be necessary, by all the authorities. Now, the testimony of Mr. *Graves* shows, that there was not only an omission to declare that he entered for the purpose of taking advantage of the forfeiture, but that he did not in fact enter for that purpose. It does not appear, that he had any idea that such an entry was necessary. On the contrary, it would seem that he supposed, that his title was perfected, by the breach of the condition in the deed ; and he did not enter for the purpose of revesting the title in himself and the other heirs, but because he had, as he thought, a good title, as a co-tenant. His entering for this special purpose excludes the idea that his object was, to take advantage of the forfeiture. He did not enter in order to gain possession, but in order to show that the defendant denied his right. He does not, therefore, go to the tenant and request him to acknowledge his right, but to the defendant, at his house, not on the land, in order to be sure that his right is denied. Mr. *Hilliard*, in his law of *Real Property*, *p.* 83. *ch.* 2. *pl.* 21. states, as the result of all the authorities on this subject, "that the entry must be made, not by consent, invitation or hospitality of the occupant, as for instance, to remove the goods of the party entering, *but with the intent to gain seisin, animo clamandi,* and must be accompanied by some act or declaration, showing such intent." We do not think the evidence of Mr. *Graves* proves such an entry ; and as without such proof, the plaintiff could not recover, there must be a new trial.

In this opinion the other judges concurred.

New trial to be granted.