## JOHN S. LEWIS *vs.* WILLIAM I. LEWIS ET AL.

First Judicial District, Hartford, March Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

As between conditions precedent and subsequent, the law favors the latter.

A grant of successive life estates was made upon condition that the respective grantees should support the grantor during his lifetime, upon the premises, and that no part thereof should be sold or conveyed by them or either of them. *Held* that these were clearly conditions subsequent, and that the estates of the grantees vested at once, subject to being devested for a breach of the conditions.

A breach of such a condition does not *ipso facto* revest the estate in the grantor. A re-entry for condition broken, by the grantor or others entitled to the reversion, is essential.

A plaintiff who sues to recover possession of land conveyed to him upon condition subsequent, need not aver a performance by him of the condition.

Under our statute, § 2953, a deed to the grantee for life, and at his decease to his heirs, is ineffectual to convey anything more than a life estate to the first grantee.

In the present case the grantor voluntarily left the premises where he was being supported and never returned. *Held* that this was a waiver of his right to support and excused the life tenant from the technical performance of his obligation in that particular.

Not long afterward, the grantor conveyed his interest in the premises to the defendant, to whom the first life tenant subsequently conveyed all his title and interest and delivered up possession. Upon the death of such life tenant the second tenant for life claimed possession of the premises and sued therefor. *Held* that while the first life tenant had broken the conditions of the deed, the defendant, having participated in the breaches, would not be permitted to avail himself of them to the injury of the plaintiff, whose title being of record was constructively, if not actually, known to the defendant.

Argued March 4th—decided April 9th, 1902.

ACTION to recover possession of certain real estate and also $3,000 damages, brought to the Superior Court in Middlesex County and tried to the court, *Elmer, J.*, upon demurrer to the complaint; the court sustained the demurrer and thereafter judgment was rendered (*Case, J.*) for the de-

fendants, from which the plaintiff appealed for alleged error of the court is sustaining the defendants' demurrer. *Error, judgment set aside and cause remanded.*

The allegations of the complaint material to this appeal are: "1. On August 28th, 1867, John Lewis, of the town of Westbrook, Connecticut, owned and possessed a certain tract of land in said town of Westbrook, with the buildings thereon, which said tract is described in the exhibit hereto annexed. 2. On said day said John Lewis by deed, a copy of which, marked Exhibit A, is hereto annexed and made a part of this complaint, conveyed to Henry C. Lewis an estate for his life, and to the plaintiff a further estate for his life, beginning at the death of said Henry C. Lewis, in said land, for the considerations therein named, all of which will more fully appear from said deed. 3. On said day said Henry C. Lewis took possession of the premises described in said exhibit, and began to support said John Lewis according to the terms of said deed, and continued to do so until on or about October 1st, 1870, when said John Lewis voluntarily departed from said premises and never returned thereto or made entry thereon. 4. Said Henry C. Lewis and the plaintiff continuously occupied the premises described in said Exhibit A from said August 28th, 1867, until July 10th, 1871. 5. On March 10th, 1871, said John Lewis sold and conveyed to the defendant, William I. Lewis, for a valuable consideration, all the land owned by him in said Middlesex county. 6. On July 10th, 1871, said Henry C. Lewis sold and conveyed, for the consideration of $4,000, his interest in said premises to the defendant, William I. Lewis, who immediately entered thereon under such conveyance, and at all times thereafter, until March 4th, 1878, remained in possession of the same under such conveyance. 7. On March 4th, 1878, the defendant William I. Lewis conveyed the said premises to Charles H. Lewis, who, on March 5th, 1878, conveyed the same to the defendant, Isadora I. Lewis, the wife of said William I. Lewis, and said William I. Lewis and his said wife have ever since remained in possession of the whole of said premises, except the small portion thereof mentioned in para-

graph 13. 8. On October 2d, 1871, said John Lewis died. 9. Said John Lewis, by his will, duly proved and approved, devised to the defendant William I. Lewis all his estate situated in said Middlesex county. 10. On April 13th, 1898, said Henry C. Lewis died; but the defendants have continued to keep possession of said premises, depriving the plaintiff of the rents and profits. . . . 13. Chloe H. Yale and Jennie H. Hall, both of Meriden, Conn., and John S. Winship and John Leetch, both of Washington, D. C., each claim to have an interest in small portions of said premises, under deeds from the defendants William I. Lewis and wife."

The consideration clause in the deed, Exhibit A, is as follows: " For and in consideration of the things herein specified to be performed and done by Henry C. Lewis, of the town of Essex in the county and state aforesaid, and in case of the death of the said Henry C. Lewis previous to my decease, then the said acts and things are to be done and performed by his lawful heirs, viz.: My board and washing for and during my natural life; said board shall be deemed to include suitable food or diet both in sickness and in health during the whole period of my life, and when in health at the table of the family in the house where I now reside, and in sickness in my room or rooms which I reserve for my private use in said dwelling-house And in further consideration that the said Henry C. Lewis shall, without unnecessary delay, remove to and occupy with his family the dwelling-house herein conveyed, and shall continue to do so during the whole of my natural life.'

Following the description of the premises conveyed are the words: " Reserving to myself for my own private use such room or rooms as may be suitable and convenient for me to live in, in the dwelling-house I now occupy on said premises. Also, I reserve the right and privilege of using such portion of the barns and other outbuildings as may be necessary for the purpose of storing hay or other produce from my land not herein conveyed."

Following these reservations and some statements as to fishing privileges and existing incumbrances, is this language,

including the *habendum*: "And it is further a part of the consideration for which this conveyance is made, that the said Henry C. Lewis or his son, John S. Lewis, shall not sell or in any manner convey to others any part or portion of said premises, nor shall it be done by any guardian or trustee of said minor son, but they shall live on and occupy said premises during their natural lives. To have and to hold the above granted and bargained premises with the appurtenances thereof unto the said Henry C. Lewis and his son John S. Lewis for and during their natural lives, and at their decease to their heirs and assigns forever, to and for their proper use and behoof, subject to all the covenants, limitations and requirements herein contained." The remainder of the deed is in the usual terms of a warranty deed and, save its formal parts, ends with the words : " Free from all incumbrances whatsoever, otherwise than is mentioned in this deed."

*Henry C. White* and *Edward L. Clark, Jr.*, for the appellant (plaintiff).

*Lewis E. Stanton* and *Frank D. Haines*, for the appellees William I. Lewis et al. (defendants).

*Hugh M. Alcorn*, for the appellees, Chloe H. Yale et al. (defendants).

PRENTICE, J. The defendants in this case, other than William I. Lewis, hold under him. It is not claimed that they have any other or greater rights than he, in whose shoes they stand, would have, had he made no conveyances. For convenience of expression, therefore, he will hereinafter be spoken of as the defendant.

The deed in question confessedly gave to the grantees who took under it estates upon express condition. The conditions are clearly conditions subsequent.

As between conditions precedent and subsequent, the law favors conditions subsequent. 2 Washburn on Real Prop-

erty (6th Ed.), § 914. The language of the deed is appropriate for the creation of an estate *in presenti*. *Rogan* v. *Walker*, 1 Wis. 454; *Finlay* v. *King*, 3 Pet. 346. Washburn states the rule which has been generally accepted as the correct one, as follows: "If the act or condition required do not necessarily precede the vesting of the estate, but may accompany or follow it, and if the act may as well be done after as before the vesting of the estate, or if from the nature of the act to be performed, and the time required for its performance, it is evidently the intention of the parties that the estate shall vest, and the grantee perform the act after taking possession, then the condition is subsequent." 2 Washburn on Real Property (6th Ed.), § 941; Tiedeman on Real Prop., 273; *Underhill* v. *Saratoga & W. R. Co.*, 20 Barb. 455. Applying this rule to the provisions of the deed in question, the nature of the conditions becomes unmistakable.

All the authorities agree that the intention of the parties to the deed, as gathered from it and the existing facts, furnishes the test by which the nature of a condition therein is to be determined. 2 Washburn on Real Property (6th Ed.), § 941; 4 Kent's Com. 125; *Rogan* v. *Walker*, 1 Wis. 454; *Finlay* v. *King*, 3 Pet. 346; *Underhill* v. *Saratoga & W. R. Co.*, 20 Barb. 455. In the present case the intention of the parties is strikingly manifested. Two of the conditions in the deed are that the two successive life tenants shall not convey their interests, and shall occupy the premises during their lives. Neither of these conditions could, from the nature of them, be fully performed until death had terminated the rights of the grantees to any title or interest in the premises. If no title could, under the deed, vest until performance of the conditions, none could by any possibility ever vest in either of the two life tenants, or in fact in anybody, as we shall have occasion to observe later. Such a construction would make the deed a piece of worthless paper, necessarily conveying nothing. The parties certainly cannot be presumed to have intended such a result. If we add to these considerations the contemporaneous conduct of the parties in respectively delivering and taking possession, their

intention that the conditions be subsequent and not precedent is rendered too apparent for discussion.

The estates conveyed to the life tenants being of the kind indicated, vested immediately, subject only to becoming devested upon breach of condition. A breach of condition would not operate *ipso facto* to revest the estate in the grantor. The title conveyed would not thereby become void. It would become voidable only at the election of the grantor or his heirs, or such other person as by statute was empowered to make the election, and upon the doing of that which the law requires to effectuate such election. Not until the grantor or his proper substitute had taken advantage of the condition and by re-entering for the breach had repossessed himself of the estate, would the grantees become divested. *Chalker* v. *Chalker*, 1 Conn. 79 ; *Bowen* v. *Bowen*, 18 id. 535; *Sperry* v. *Sperry*, 8 N. H. 477 ; *Tallman* v. *Snow*, 35 Me. 342; *Hubbard* v. *Hubbard*, 97 Mass. 188 ; *Underhill* v. *Saratoga & W. R. Co.*, 20 Barb. 455 ; *Phelps* v. *Chesson*, 12 Ired. (N. C.) 194; *Lindsey* v. *Lindsey*, 45 Ind. 552.

These observations, concerning the nature and effect of the deed, effectually dispose of those grounds of demurrer which are based upon the alleged failure of the complaint to aver or disclose a performance of its conditions. The complaint alleges a vested title in the plaintiff. The conditions which might operate to devest the title need not be noticed nor a revesting be negatived. Such is the accepted rule with respect to conditions subsequent. Gould on Pleading, Chap. 4, p. 170 ; 1 Chitty on Pleading, 246 ; Phillips, Code Pleading, §§ 329, 348 ; *Redman* v. *Ætna Ins. Co.*, 49 Wis. 431.

The only remaining grounds of demurrer are to the effect that, as there had been breaches of the conditions of the deed, the right, title and interest of the grantees therein, including the plaintiff, had terminated. These contentions, as we have seen, are based upon an incorrect conception of the law where the condition is a condition subsequent. The defendant's reasons of demurrer were therefore not well assigned, and the demurrer should have been overruled.

The plaintiff's contention that there was error in the action

of the court does not, however, rest entirely upon the technical ground that the demurrer was not sufficiently comprehensive. The complaint was not open to successful attack as showing that the plaintiff had no cause of action. The complaint, as we have seen, alleges a vested estate in the plaintiff. The effect of these allegations cannot be avoided unless the facts necessary to effectuate a revesting of the title in the grantor, to wit, a breach and entry therefor, sufficiently appear.

Before examining the complaint to discover what its allegations are, and their legal effect, let us see what the situation disclosed was. The deed gave to Henry C. Lewis an estate for his life, to the plaintiff an estate for his life beginning in enjoyment at the death of the first life tenant, and left the reversion in the grantor. The attempt to convey the remainder after the decease of the plaintiff, to his heirs, was, under our statute (§ 2953), plainly ineffectual. The deed of the original grantor, John Lewis, to the defendant, dated March 10th, 1871, therefore conveyed to the latter the reversion. From that time, by virtue of § 1053 of our statutes, the defendant was possessed of the right to enter for any condition thereafter broken.

The allegations of the complaint, upon which claims of breach of condition are predicated, are three in number, to wit: nonsupport by Henry C. Lewis, the alienation by Henry C. Lewis of his title and interest in the premises, and nonoccupation by him during his life. The only one of these which antedates the deed from John to the defendant, whereby the latter acquired the reversion, is that of nonsupport. The recited facts down to this point of time are effectually disposed of by two observations: (1) that John never entered for a breach, and (2) that no breach is disclosed. John Lewis voluntarily left the premises, where alone by the express terms of the deed he was to have his support, and never returned. His voluntary waiver of his rights, for such was the legal effect of his action, excused the life tenant from the technical performance of his agreement. It does not appear that the latter was not at all times ready and

willing to do what he had agreed, and as John's absence is expressly alleged to have been voluntary, there is no room for an inference, even, that it was directly or indirectly compelled by the conduct of his grantees.

Turning to the events recited as having occurred subsequent to the deed to the defendant last referred to, we find that the first life tenant did, contrary to the conditions of the deed under review, convey away his title and interest, and did surrender to another the occupancy of the premises. Here were two breaches of condition. The conveyance, however, was made to this defendant, and the possession of the premises was delivered to him. He was therefore a participant with Henry C. Lewis in the very acts he now relies upon to deprive the plaintiff of his life estate in the premises. It does not, indeed, appear that the defendant and his grantor conspired together to thus create a breach which might be used by the defendant to the plaintiff's injury, but as the deed in question was duly recorded the defendant is conclusively presumed to have acted as he did with knowledge of the plaintiff's rights. He will not be permitted to avail himself, as against the plaintiff, of the breaches which he was thus directly and with knowledge instrumental in causing.

These conclusive considerations render it unnecessary to examine other questions which the record suggests, to wit: (1) whether the complaint discloses any entry for condition broken, (2) whether the defendant by virtue of his possession under the deed of July 10, 1871, was excused from doing some act tantamount to an entry clearly indicating his election to avail himself of the breach and his purpose to transform his possession from that of a grantee of a life tenant into that of an owner in fee to the exclusion of the plaintiff's rights, and (3) whether a breach of condition by the first life tenant could be used to deprive the plaintiff—the second life tenant—of his estate. Upon these questions we express no opinion.

There is error; the judgment is set aside and the case is remanded to be proceeded with according to law.

In this opinion the other judges concurred.