WILLIAM M. NEARING ET AL. *v.* CITY OF BRIDGEPORT

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and MELLITZ, Js.

Argued June 9—decided August 8, 1950

*Frank L. Wilder,* for the appellants (plaintiffs).

*John V. Donnelly,* with whom, on the brief, was *Harry Schwartz,* for the appellee (defendant).

JENNINGS, J. The plaintiffs, in effect, seek to regain title to a tract of land which, they insist, has reverted to them for breach of condition. They made other claims in their complaint and brief but their basic contention as set forth in the finding was that "this is an action of reverter based on the provisions of the deed." The trial court was justified in deciding the case on the theory on which it was tried. *O'Neil* v. *Larkin-Carey Co.,* 106 Conn. 153, 157, 137 A. 721.

The following facts are undisputed: On November 10, 1927, the plaintiffs' predecessor in title deeded the tract in question to the defendant's predecessor in title. The land lay on the west side of the Housatonic River. The grantee purchased it for use as a seaplane base. The deed contained a provision that if the grantee failed to perform certain conditions the land should revert to the grantor and her heirs. There is no finding that the defendant assumed the obligations imposed on the original grantee in the deed. The conditions were not performed. This action was brought August 12, 1946.

The court found that three years was a reasonable time within which the predecessor in title of the defendant or the defendant could have performed the conditions laid down in the deed and that neither the plaintiffs nor their predecessor in title ever entered upon the land for breach of conditions. These findings are attacked. One of the plaintiffs was the only witness and she described the use of the property in considerable detail. It would serve no useful purpose to rehearse this evidence. The findings are amply supported thereby.

The defendant pleaded the Statute of Limitations for entry on land as a special defense. General Statutes § 8314. The plaintiffs joined issue thereon. Since the validity of the deed, its conditions and their breach were admitted, the decisive question on the trial was that raised by the special defense.

The deed in question vested title in fee, subject to reverter for breach of conditions subsequent. *Warner* v. *Bennett,* 31 Conn. 468, 475; Restatement, 1 Property §§ 24, 45. The breach did not in itself cause a forfeiture of the estate. *Chalker* v. *Chalker,* 1 Conn. 79, 86. An actual entry for breach of conditions was necessary. *Bowen* v. *Bowen,* 18 Conn. 535, 540; *Lewis*

v. *Lewis,* 74 Conn. 630, 635, 51 A. 854. The deed speci-
fies no time within which the conditions shall be per-
formed. Under these circumstances they must be
performed within a reasonable time. *Soper* v. *Tyler,* 73
Conn. 660, 661, 49 A. 18; *Renoud* v. *Daskam,* 34 Conn.
512, 516; *Parsons* v. *Camp,* 11 Conn. 525, 529. In
*Scovill* v. *McMahon,* 62 Conn. 378, 26 A. 479, it was
stated (p. 387) that the time for re-entry for the breach
of the particular condition subsequent there involved
began to run from the date of the deed. See Restate-
ment, 2 Property § 222, comment e. What is a rea-
sonable time is a question of fact. *Soper* v. *Tyler,*
supra, 662; *McKee* v. *Club-View Heights,* 230 Ala. 625,
665, 162 So. 671.

The court had the power to fix the time when the
right to enter for conditions broken started to run. As
stated above, the finding as a fact that three years
from the date of the conveyance was reasonable must
stand. The three years expired November 10, 1930.
On that date the right of the plaintiffs' predecessor in
title to enter for breach of conditions accrued. Under
§ 8314 the right of entry was barred after fifteen years.
No entry was made within that time. As the trial court
remarked in its memorandum of decision, even if entry
had been made, it would have been valueless because
another provision of the statute states that "no such
entry shall be sufficient, unless an action shall be com-
menced thereupon and prosecuted to effect within one
year next after such entry." There is no finding or
claim upon which compliance with this proviso could
be based.

It only remains to notice the remaining claims of the
plaintiffs. The defendant admits that its title was sub-
ject to defeat for failure to perform the conditions sub-
sequent but denies that it assumed the obligation to
perform them. The finding bears out this contention.

The plaintiffs' claim for a "mandatory judgment" requiring the defendant to perform the conditions could not have been sustained even if the issue had been before the trial court.

The plaintiffs assign error in the exclusion of a letter written by the defendant to them. It was offered for the purpose of showing that the defendant recognized the validity of the deed. Since that fact was admitted, the exclusion of the letter did not harm the plaintiffs. It was written two years after suit was instituted and appears to be no more than an offer of compromise or adjustment. It was therefore inadmissible on that ground. *Beattie* v. *McMullen,* 82 Conn. 484, 495, 74 A. 767.

There is no error.

In this opinion the other judges concurred.