[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER
The defendants' motion for reconsideration is granted in part and denied in part. Judgment may enter in favor of the plaintiffs and against the defendant Robert Miller in the amount of $14,327.91 plus taxable costs. Judgment may enter in favor of the defendant Marilyn Miller.
BY THE COURT
Bruce L. LevinJudge of the Superior Court
MEMORANDUM OF DECISION
LEVIN, JUDGE.
The plaintiffs brought this action alleging that they had purchased the defendants' home and that the defendants had misrepresented the condition of the septic system to them. After a trial to the court, without a jury, the court filed a memorandum of decision, finding the issues for the plaintiffs but denying their claim for attorneys' fees because, the court held, the plaintiffs' complaint sounded in negligent representation, not in fraud. The plaintiffs have filed a motion for reconsideration.
Paragraph four of the plaintiffs' single count complaint alleges: "The representations of the defendants were false and the defendants knew or should have known them to be false and CT Page 1420-FF they were made by the defendants to induce the plaintiff to purchase the property the property at a price in excess of its value." (Emphasis added.) In its memorandum of decision, the court observed that "[t]he words pleaded, `knew or should have known,' connote a claim of negligence. Ruocco v. UnitedAdvertising Corp., 98 Conn. 241, 244, 119 A. 48 (1922);O'Keefe v. National Folding Box and Paper Co., 66 Conn. 38,45, 33 A. 587 (1895)."
In their motion for reconsideration, the plaintiffs state that their "complaint was drafted in strict conformance with Connecticut Practice Book Form 704.20 heading [sic] `Fraud in Sale of Property.'" A reading of Official Practice Book Form 704.2 confirms that this is so.
The preface to the Official Practice Book states at page `v': "The forms hereinafter set forth are merely illustrative, unless otherwise designated in the rules, and have been compiled for the assistance of members of the bar and court officials. In case of conflict between the forms and rules, the specific requirements of the rules shall prevail." Our appellate courts have recognized that "[t]he forms set forth in the Practice Book, as stated in a preamble . . . are merely illustrative . . . and do not carry the force of law. These forms were compiled for the convenience of the bench and bar and their language is not mandatory." Connecticut Savings Bankv. Hanoman Realty Corp., 168 Conn. 554, 557, 362 A.2d 827
(1975); accord, Killingly v. Wells, 18 Conn. App. 508, 512,558 A.2d 1039 (1989). Nonetheless, the Official Practice Book Forms are promulgated and adopted by the judges of the superior court, subject to the review and disapproval of the general assembly. General statutes § 51-14; see also General Statutes §§ 51-15a, 52-350c. While cases are legion in which counsel have been chastised for not following an Official Practice Book Form, or where an Official Practice Form has been cited to demonstrate how a party should have properly pleaded; see, e.g., Door-Oliver, Inc. v. Willet Associates,153 Conn. 588 , 598, 219 A.2d 718 (1966) ; Pass v. Pass,152 Conn. 508, 510-11, 164 A.2d 392 (1965); Heiberger v. Clark,148 Conn. 177, 183, 169 A.2d 652 (1961); Biller v. Harris,147 Conn. 351, 356, 161 A.2d 187 (1960); Gimbel v. Gimbel,147 Conn. 561, 563, 163 A.2d 451 (1960) ; Maggi v. Mendillo,147 Conn. 663, 669, 165 A.2d 603 (1960; Garofalo v. Argraves,147 Conn. 685 , 686 , 166 A.2d 158 (1960); Sturtevant v . Sturtevant,146 Conn. 644, 649, 153 A.2d 828 (1959); Horowitz v. Horowitz,
CT Page 1420-GG145 Conn. 99, 100, 139 A.2d 50 (1958) ; Lurier v. Danbury BUSCorporation, 144 Conn. 544, 549, 135 A.2d 597 (1957); Fisherv. Board of Zoning Appeals, 142 Conn. 275, 277, 113 A.2d 587
(1955); Second Exeter Corp. v. Epstein, 5 Conn. App. 427 , 428 ,499 A.2d 429 (1985); there are no reported cases in which a party or a party's attorney has been penalized or prejudiced for following an Official Practice Book Form. Such a result would be especially inappropriate here where the parties tried the case based on the theory of fraud. "The trial court [is] justified in deciding the case on the theory on which it was tried." Nearing v. Bridgeport, 137 Conn. 205, 206, 75 A.2d 505
(1950); see Vitale v. Gargiulo, 144 Conn. 359, 362,131 A.2d 830 (1957).
Having reviewed the evidence in light of the claim of fraud, the court finds the issues for the plaintiffs by clear and convincing evidence against the defendant Robert Scott Miller, only. The court finds against the plaintiffs with respect to the co-defendant.
"Punitive damages may be awarded upon a showing of fraud." Plikus v. Plikus, 26 Conn. App. 174, 180, 599 A.2d 392
(1991). "Punitive damages consist of a reasonable expense properly incurred in the litigation . . . less taxable costs."Markey v. Santangelo, 195 Conn. 76, 80, 485 A.2d 1305 (1985). Thus, "[p]unitive or exemplary damages in a fraud case include attorney's fees." Wedig v. Brinster, 1 Conn. App. 123, 134,469 A.2d 783 (1983), cert. denied, 192 Conn. 803,472 A.2d 1284 (1984).
"Although contract damages may be based on the court's general knowledge of the time involved in litigation and reasonable fees charged by attorneys[1]; Bizzoco v. Chinitz,193 Conn. 304, 310-11, 476 A.2d 572 (1984); Appliances, Inc.v. Yost, 186 Conn. 673, 681, 443 A.2d 486 (1982); Piantedosiv. Floridia, 186 Conn. 275, 279, 440 A.2d 977 (1982); a different evidentiary standard is used in the determination of exemplary damages. Storm Associates, Inc. v. Baumgold,186 Conn. 237, 245, 440 A.2d 306 (1982); Wedig v. Brinster,1 Conn. App. 123, 134 n. 5, 469 A.2d 783 (1983). `[F]or an award of punitive damages, it is essential that evidence of the cost of the litigation of the case being tried must be offered.'Vandersluis v. Weil, 176 Conn. 353, 359, 407 A.2d 982 (1978);Yavis v. Sullivan, 137 Conn. 253, 261, 76 A.2d 99 (1950) (no punitive damages recoverable because no evidence of cost of CT Page 1420-HH litigation offered); Wedig v. Brinster, supra, 134 (evidence properly introduced to establish punitive damages)." Leabo v.Leninski, 2 Conn. App. 715, 722-723, 484 A.2d 239 (1984). While it does "find that distinction unsatisfactory"; Curry v.Burns, 225 Conn. 782, 800, 626 A.2d 719 (1993); this court must follow appellate precedent. Montes v. Hartford Hospital,26 Conn. Sup. 441, 442-43, 226 A.2d 798 (1966).
The plaintiffs offered no evidence at trial as to their attorney's fees. A plaintiff "must offer all of his affirmative evidence on his initial presentation; he cannot offer some and reserve the balance for later introduction." Tait and LaPlante's Handbook of Connecticut Evidence (2d Ed.) § 3.3.1, p. 40. Although the plaintiffs have included with their motion for reconsideration a statement of services rendered by their attorney, the court may not consider such evidence at this time. Nor have the plaintiffs moved to open their case to present such evidence. See Suffield Bank v.Berman, 228 Conn. 766, 782-83, 639 A.2d 1033 (1994), and cases cited therein; Alling v. Weisman, 77 Conn. 394, 59 A. 419
(1904); Elliott v. South Isle Food Corporation, 6 Conn. App. 373,379-380, 506 A.2d 147 (1986).[2]
For these reasons, the plaintiffs' motion for reconsideration is granted. Judgement may enter for the plaintiffs against the defendant Robert Scott Miller for fraudulent misrepresentation in the amount of $14,327.91 plus taxable costs. Judgment may enter for the defendant Marilyn Barbara Miller since no fraud may be ascribed to her.
BY THE COURT
Bruce L. LevinJudge of the Superior Court