# HENRY B. SPITZ AND OTHERS' APPEAL FROM COMMISSIONERS.

New Haven Co., Dec. T., 1887.   PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

The rule of the common law that the wife shall not testify against the husband, is not applicable to actions in which they have conflicting interests and are opposing parties.

Where a wife has a claim as creditor against the insolvent estate of her husband, she may testify against him in support of her claim.

And may testify to conversations which took place between herself and her husband, with regard to her claim, in the absence of other witnesses.

The act of 1877 (Gen. Statutes, 1888, § 2796,) with regard to the property of married women, makes all her property separate estate, and gives her the same right to contract with third persons with regard to it that she would have as a feme sole. It is however silent as to her right to contract with her husband; but as she had that right in equity as to her separate estate before the passage of the act, it will not be construed as intending to take away that right, and she therefore now has it as to all her property, where the marriage occurred after the passage of the act.

[Argued December 7th—decided December 30th, 1887.]

APPEAL, by the appellants as creditors of the assigned estate of William M. Pemberton, an insolvent, from the allowance by the commissioners on the estate of a large claim in favor of the wife of the insolvent; taken to the Superior Court in New Haven County. The facts were found by a committee and the claim of the wife, with a small reduction, allowed. The appellants appealed from this judgment. The case is fully stated in the opinion.

*T. H. Russell*, for the appellants.

*E. P. Arvine*, for the appellee.

BEARDSLEY, J.   This is an appeal from the allowance by the commissioners on the insolvent estate of William M.

Pemberton, assigned in trust for the benefit of his creditors, of the claim of his wife, Emily A. Pemberton. The appellants are creditors of the estate, whose claim was allowed by the commissioners.

The case was referred by the Superior Court to a committee, from whose report it appears that said William M. and Emily A. were married in January, 1878, she then having a large property, which she had inherited, and he being without property. Between the 1st day of February, 1878, and the 26th day of May, 1886, he received from her various sums to the amount of about $30,000.

Most of these sums were advanced by her upon his promise to repay the same with interest. The others were the proceeds of her real estate sold by his advice and upon his promise to invest the avails to better advantage, but which avails he applied to his own use. The committee finds that all of the testimony offered by the appellee in reference to the character of the various transactions out of which the claim of the appellee arose, consisted of the statements of Mrs. Pemberton as a witness as to the conversations which took place between herself and her husband in the absence of other witnesses. The appellant objected to the testimony of Mrs. Pemberton to such conversations upon two grounds:—first, that the wife cannot in this proceeding testify against her husband or his estate in reference to this matter; and second, that her testimony was a statement of confidential communications made to the wife by the husband. The committee admitted the evidence, and the appellants remonstrated upon this ground against the acceptance of the report of the committee, and the court overruled the remonstrance. We think that the evidence was clearly admissible.

Commissioners on insolvent estates, and the Superior Court on appeal from their decisions, act both as courts of law and courts of equity. *Collins* v. *Tillou*, 26 Conn., 361. Mr. and Mrs. Pemberton were married after the statute of 1877 went into effect. That statute provides that " in all marriages hereafter contracted, neither the husband nor wife

shall acquire by force of the marriage any right to or inter-
est in any property held by the other before marriage. * * *
The wife shall have power to make contracts with third per-
sons, and to convey to them her real or personal estate, in
the same manner as if she were unmarried." Gen. Statutes,
1888, § 2796.

By this statute, in cases provided for by it, all the prop-
erty of the wife owned by her when married became her
sole and separate estate. Prior to its adoption the wife had,
in equity, all the rights of a feme sole in respect to such
estate, including the right to make any contracts in relation
to it with her husband.

In *Comstock's Appeal from Probate*, 55 Conn., 214, this
court says:—" That separate estate she " (the wife) " can
dispose of as she pleases. She may put it into his " (the
husband's) " hands to manage as her agent, she may loan it
to him, and she may make an absolute gift of it to him."
The statute, which is particularly conversant with the legal
rights and obligations of the parties, while it provides that
the wife may contract with others, is silent as to her capacity
to contract with her husband; but no intention to impair
her prior right to enter into such contracts is implied by
such silence. The statute was not designed to abridge any
rights of property which the wife had before its enactment,
but on the contrary its object was to invest her with the
complete ownership and control of the property which she
had when married or might thereafter acquire. It may well
be that the legislature deemed it wise to leave contracts
between husband and wife to the jurisdiction of courts of
equity.

The rule of the common law that the wife shall not tes-
tify against the husband is founded upon their legal unity
and the policy of preventing discord between them. It is
not applicable to actions at law in which the husband and
wife have conflicting interests and are opposing parties, as
petitions for divorce or suits by the wife seeking protection
against the husband, and has no application to suits in equity
relating to the wife's separate estate.

In a court of equity the status of the wife in respect to such estate is not affected by her marriage, but she has all the rights of a feme sole. *Butler* v. *Buckingham*, 5 Day, 501; *Imlay* v. *Huntington*, 20 Conn., 173; *Leavitt* v. *Beirne*, 21 id., 8.

A claim that, while the wife may sue her husband and obtain judgment and execution against him, she could not testify in support of the allegations of her complaint because the peace of the family might thereby be disturbed, would border upon absurdity.

We may add that the claim that the privilege of the husband was violated by the testimony of Mrs. Pemberton, because it was a disclosure of private and confidential communications made by him to her, has no foundation in fact. The only communications by her husband testified to by Mrs. Pemberton were his promises and representations made to induce her, and which did in fact induce her, to advance to him the money in question. They were presumably made to evidence his indebtedness to her, and constituted his contract for its payment. They were no more privileged than a promissory note would have been, if he had made his contract in that form.

The appellant also remonstrated against the acceptance of the report upon the ground that the committee permitted a leading question to be put to a witness, and upon the further ground that he refused to grant an adjournment of the trial when requested to do so by the appellant's counsel. These claims have not been pressed in argument, and so obviously refer to a mere exercise of discretion by the committee as not to require discussion.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.