[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON MOTION FOR PROTECTIVE ORDER
The defendant, David E. Kannen ("Kannen"), has filed a Motion for Protective Order dated April 4, 1996 in which he seeks to postpone his deposition until after May 15, 1996 and to limit or preclude the areas of inquiry at his deposition when it does occur. After hearing argument, the court grants the Motion in part as to paragraphs 5 and 6. The court denies the Motion as to paragraphs 2, 3 and 4. The deposition should proceed at a time and place reasonably noticed by the plaintiffs, who should note that discovery requests appended to deposition notices are governed by the same rules that govern all other discovery requests.
In paragraphs 2 and 3 Kannen seeks to preclude all inquiry as to any and all aspects of any settlements between himself and the Connecticut Department of Banking and any and all other governmental regulatory agencies. Kannen has not submitted a memorandum of law in support of his protective order, and, therefore, the court has received no authority which supports the Motion. However, at oral argument Kannen's counsel appeared to claim that evidence of settlement negotiations is inadmissible and, therefore, discovery into settlement negotiations is impermissible. Evidence of settlement negotiations is generally CT Page 5163-SSSS inadmissible at trial, but admissions made during the course of settlement negotiations may be admissible under certain circumstances. The Supreme Court in Tomasso Bros., Inc. v.October Twenty-four, Inc., 221 Conn. 194, 198, 199, 602 A.2d 1011
(1992) reviewed the law concerning the admissibility of settlements:
 "The general rule that evidence of settlement negotiations is not admissible at trial is based upon the public policy of promoting the settlement of disputes." Jutkowitz v. Department of Health Services, 220 Conn. 86, 97, 596 A.2d 374 (1991); Simone Corporation v. Connecticut Light Power Co., 187 Conn. 487, 490, 446 A.2d 1071 (1982); Nearing v. Bridgeport, 137 Conn. 205, 209, 75 A.2d 505 (1950); Stranahan v. East Haddam, 11 Conn. 507, 512-19 (1836); Hartford Bridge Co. v. Granger, 4 Conn. 142, 148
(1822). An offsetting principle holds that an admission of fact is competent evidence, even though the admission was made in settlement negotiations, "where the statement was intended to state a fact. . . ." Simone Corporation v. Connecticut Light Power Co., supra. "The test is whether the party making the admission intended to concede a fact hypothetically for the purpose of effecting a compromise, or to declare a fact really to exist." Evans Products Co. v. Clinton Building Supply, Inc., 174 Conn. 512, 517, 391 A.2d 157 (1978). If it is unclear whether the statement of a declarant was intended to promote the negotiation of a settlement or to constitute a factual admission of liability, the statement is inadmissible. Simone Corporation v. Connecticut Light Power Co., supra; Danahy v. Cuneo, 130 Conn. 213, 215-17, 33 A.2d 132 (1943); C. Tait J. LaPlante, Connecticut Evidence (2d Ed. 1988) 11.5.4(b).
Based on the foregoing it appears that settlement discussions between Kannen and the Connecticut Banking Department or any other regulatory agency may well be inadmissible at trial. However, our rules of procedure allow parties to conduct discovery as to matters which may not be admissible. Practice Book § 218 provides that: "It shall not be ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." CT Page 5163-TTTT
In this case the subject matter of the action against Kannen by the Connecticut Banking Commissioner was similar to the subject matter of the present action. Therefore, inquiry into the communications between Kannen, Cadaret, Grant Co. and the Commissioner or his agents appears calculated to lead to the discovery of admissible evidence. Moreover, without the aid of discovery, parties would be unable to even attempt to establish whether any admissible statements of fact were made during the course of settlement discussions. The same can be said for inquiry into communications between Kannen, Cadaret, Grant Co. and any other state or federal agency investigating or prosecuting alleged illegal business activities by those defendants.
In paragraph 4 of the Motion for Protective Order Kannen seeks to preclude all parties from inquiring about communications between Kannen and his wife, Ann K. Kannen on the basis of interspousal privilege.
Courts of this state have recognized a privilege between spouses which prohibits adverse testimony by one spouse against another. Spitz's Appeal, 56 Conn. 184 (1888). The purpose of the privilege is the legal unity of the spouses and the policy of preventing discord between them. State v. Saia, 172 Conn. 37, 42,372 A.2d 144 (1976). Unlike the attorney-client privilege, which prohibits inquiry into communications between attorney and client, the interspousal privilege prohibits adverse testimony.
In the present case both Kannen and his wife are parties. Since the complaint alleges that Kannen fraudulently transferred property to his wife, Ann Kannen is, technically, the only party to the fraudulent conveyance action. Therefore, any testimony by Ann Kannen with respect to communications between herself and her husband regarding the alleged fraudulent conveyance will not be adverse to her husband, but rather, to herself.
In addition, even if Ann Kannen's testimony could be considered "adverse" to her husband within the meaning of the common-law interspousal privilege, the public policy against defrauding creditors, as reflected in Connecticut General Statutes § 52-552e (whether transfer of property was made to a spouse is one factor which may be considered in determining fraudulent intent), clearly outweighs any interspousal privilege that might otherwise exist. CT Page 5163-UUUU
By the court,
Aurigemma, J.