[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO QUASH SUBPOENA
In this legal malpractice action, defendant attorney has issued a subpoena for deposition testimony to the Judge who presided over plaintiff's dissolution case in the fall of 1990, in which she was represented by defendant attorney. Plaintiff has claimed inter alia that defendant was negligent in permitting her to testify in the dissolution action because she was not competent, and now defendant seeks to elicit testimony from the Judge as to his personal observations of the plaintiff at that trial.
The Judge, represented by the office of the Attorney General has moved to quash the subpoena claiming that his compliance and appearance at the deposition would disrupt and burden the judicial function and inappropriately interfere with the judicial decision making process.
Judges, in conducting a trial with all the attendant stresses and responsibilities should not have to anticipate being called in the future as a witness in a subsequent trial dealing with events in the first trial. In Gold v.Warden, 222 Conn. 312 (1992) our Supreme Court supported this view by indicating that the calling of a judge in subsequent proceedings in a case over which the judge presided was not encouraged and should only take place where there was a "compelling need." Gold involved a habeas corpus in a criminal case, rather than a civil malpractice action as in the present case, and the court found a compelling need for the Judge's testimony based on a record otherwise devoid of his observations.
The record in this case contains many observations made by the Judge during the dissolution hearing bearing on the mental and emotional condition of the plaintiff. No useful purpose let alone a "compelling need" has been demonstrated to compel his testimony almost six years after the trial as to what his additional observations of the plaintiff may have been at that time. CT Page 5725
Motion to Quash Subpoena granted.
Jerry Wagner State Trial Referee