[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO QUASH
Plaintiff, a party in a previous domestic relations litigation involving child support and visitation issues, brings this action alleging various claims of abuse of process and vexatious suit against the attorney for the opposing party in the previous action.
The fourth amended complaint dated January 22, 1997 consists of eight counts. Counts 3 and 4 contain lengthy allegations CT Page 7098 involving the issuance of a capias on February 2, 1994 against the plaintiff by Judge S, resulting in plaintiff's arrest. Plaintiff alleges that the capias was improperly requested by defendant's attorney who took advantage of her "close personal relationship" with Judge S and defendant is charged in count 3 with failure to disclose such relationship and in count 4 with negligence in failing to do so.
Counts 7 and 8 contain lengthy allegations concerning a court appearance scheduled for plaintiff on May 17, 1994, a Jewish religious holiday, before Judge B which she was required to attend in violation of her religious beliefs because defendant refused to agree to a continuance. Plaintiff claims the action of defendant amounted in count 7 to abuse of process and in count 8 to negligence.
Plaintiff on October 24, 1996, issued subpoenas to Judges S and B to attend a deposition and these two judges, represented by the assistant attorney general, now move to quash these subpoenas.
This motion to quash was first heard by this court on February 24, 1997, at which time this court requested plaintiff to furnish affidavits in support of her allegations made in briefs and oral arguments with respect to certain conversations plaintiff had claimed to overhear between Judge S and defendant prior to the issuance of the capias and an alleged conversation between Judge B and the defendant in Judge B's chamber following his request for certain documents involved in the previous domestic litigation, in which Judge B heard evidence and made rulings.
The motion was reheard on March 20, 1997, at which time plaintiff filed her own affidavit reaffirming her deposition testimony and that she had overheard the conversation between Judge S and defendant prior to the issuance of the capias by Judge S.
Plaintiff claims she is entitled to depose the judges because she has the right to inquire into the relationship between defendant and the judges and what influence defendant may have exercised on the judges in order to obtain the capias and the refusal for the requested continuance. While plaintiff denies she is making any charges of improper conduct against either Judge S or Judge B, she claims she has the right to find out the extent CT Page 7099 of the social relationships between judges and the defendant and what transpired at the alleged ex parte conversations, because these bear on the allegations against the defendant. She also claims that she is entitled to depose the judges because they have been disclosed as potential witnesses by the defendant.
As to this latter claim, defendant now makes it clear that she has no intention of calling the judges as witnesses.
 I
It is fundamental that any claim of improper ex-parte conversations involving judges or a judge's social relationship with an attorney which would constitute bias in a case before that judge must be raised in the particular case, usually even before any appeal procedure takes place in that case. Kane v.Kane, 43 Conn. App. 508 (1996). To bring up such conduct in another civil case other than a disciplinary proceeding, would violate the rationale of judicial immunity which exists because of the public interest in having judges exercise independent judgment "without apprehension of the personal consequences of exposure to potential damages liability from vexatious and frivolous actions prosecuted by disgruntled litigants." 46 Am.Jur.2d, Judges § 69. See Pierson v. Ray, 386 U.S. 547, 554
(1988); Wolfram Modern Legal Ethics § 17.33. Even where a litigant disavows any claim of improper conduct against a judge as in this case, subjecting a judge against his will to give testimony in a civil case involving his conduct in another case, which could be construed as improper from the nature of the allegations, exposes a judge to a time consuming and possibly embarrassing experience which impinges on his judicial independence. Furthermore, it is difficult to see what testimony either judge could give which would have any bearing on the allegations against defendant in this case.
 II
Ordinarily, an attorney has no duty to an adverse party and is generally not responsible for injury to an adverse party in prior litigation. This is generally true in Connecticut,Krawczyk v. Stingle, 208 Conn. 239, 244 (1988). There are some exceptions arising from fraud, collusion or malicious or tortious acts. Mallen-Smith Legal Malpractice Fourth Ed. § 6.1. The present action contains allegations of fraud, negligence and abuse of process against defendant attorney. Any cause of action CT Page 7100 for abuse of process would have to rely on the records and transcripts of the court proceedings which are readily available. While some allegations sound in fraud or concealment, it is difficult to see how any testimony by a judge would add anything material or useful to the validity of the claims made against the defendant in the present action. These claims involve conduct of the defendant which resulted in judicial actions; those actions are either justified or not based on the court records in the underlying litigation.
 III
Moreover, judges in conducting trials with all the attendant stresses and responsibility should not have to anticipate being called in the future as a witness in a subsequent trial dealing with some events of the first trial. Fitzgerald v. Flaherty, Superior Court, judicial district of Hartford/New Britain at Hartford, docket No. CV93-0528651 (August 14, 1996) (Wagner, J.) (17 Conn. L. Rptr. 417).
In Connecticut, the calling of a judge as a witness in subsequent proceedings in a case in which the judge presided is not encouraged and should only take place where there was a "compelling need." Gold v. Warden, 222 Conn. 312 (1992).
In this case, the deposition evidence and meager allegations in the affidavits do not indicate a direction in which any facts that could be testified to by Judge S or Judge B could bear on the fraud, negligence or the abuse of process of the defendant, or any other conduct of the defendant that would be actionable by the plaintiff in this case.
Plaintiff has failed to demonstrate any "compelling need" for such judicial testimony. On the contrary she has candidly characterized her purpose in seeking to depose these judges as an attempt to find out more information about their conversations and social relationships with the defendant attorney. This is a kind of "fishing expedition" which if permitted might result in endless reviews of the mental processes of judges by way of deposition and even open court testimony following cases which have been concluded, but not to the satisfaction of disgruntled litigants or their attorneys.
Motion to Quash granted. CT Page 7101
WAGNER, J.T.R.