[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter concerns an action to quiet title to land. In the CT Page 1080 complaint, the plaintiff alleges that her deceased mother lacked capacity to transfer title and that the defendant exercised undue influence over her deceased mother. The court issued a subpoena duces tecum for the deposition of Attorney Zolton A. Benyus, requiring Zolton A. Benyus to bring certain records identified in said subpoena. The court further issued a subpoena duces tecum for the deposition of Attorney Miriam Britt Benyus, requiring Miriam Britt Benyus to bring certain records identified in said subpoena. Finally, the court issued a subpoena duces tecum for the deposition of the defendant, Carroll A. Greathouse, requiring the defendant to bring certain records identified in said subpoena. Zolton A. Benyus, Miriam Britt Benyus and the defendant filed motions to quash # 129, # 130 and # 131, respectively. The plaintiff filed objections to all three motions to quash.
MOTION TO QUASH # 129
Zolton A. Benyus moves to quash on the ground that privilege prevents the disclosure of the requested information. Zolton A. Benyus, further, moves to quash on the ground that the requested information is irrelevant and immaterial. Finally, Zolton A. Benyus moves to quash on the ground that a fire destroyed the requested information.
The court denies the motion to quash the subpoena duces tecum for Zolton A. Benyus. Zolton A. Benyus fails to establish sufficiently that the attorney-client privilege applies to the information sought by the plaintiff.[1] "[W]here legal advice of any kind is sought from a professional legal advisor in his [or her] capacity as such, the communications relating to that purpose, made in confidence by the client, are at [the client's] instance permanently protected from disclosure by [the client] or by the legal advisor, except the protection may be waived." (Citations omitted; internal quotation marks omitted.) Shew v.Freedom of Information Commission, 245 Conn. 149, 157,714 A.2d 664 (1998).[2] "Connecticut is in accord with the majority rule that the [attorney-client] privilege does not extend beyond communications; therefore, an attorney is not bound to remain silent as to all information regarding his client, but only as to that information born of confidential communication." (Citation omitted; internal quotation marks omitted.) Trumpold v. Besch,19 Conn. App. 22, 28, 561 A.2d 438, cert. denied., 212 Conn. 812,565 A.2d 537 (1989), cert. denied., 494 U.S. 1029 (1990). "The burden of proving facts essential to the privilege is on the person asserting it. . . . This burden includes, of course, the CT Page 1081 burden of proving the essential element that the communication was confidential." (Citations omitted; internal quotation marks omitted.) Rehim v. Kimberly-Clark Corp., Superior Court, judicial district of Danbury at Danbury, Docket No. 323416 (December 5, 1996, Leheny, J.). Here, Zolton A. Benyus merely states the requested information is privileged without stating why the requested information is confidential. Consequently, Zolton A. Benyus fails to establish sufficiently that the attorney-client privilege prevents discovery of the requested information. See id. Furthermore, the rules of discovery would allow the deposition of Zolton A. Benyus because it would reasonably assist the plaintiff in proving her case as Zolton A. Benyus represented the plaintiff's deceased mother when she transferred the land to the defendant.[3] See Practice Book § 13-2 (defining scope of discovery); Practice Book § 13-26 (discussing depositions). Accordingly, the court denies the motion to quash # 129.[4]
MOTION TO QUASH # 130
Miriam Britt Benyus moves to quash the subpoena on the ground that information concerning settlement negotiations is inadmissible. Miriam Britt Benyus further moves to quash on the ground that information concerning the settlement negotiations is immaterial.
The court denies the motion to quash the subpoena duces tecum for Miriam Britt Benyus because discovery of settlement negotiations is permissible. See Vezina v. Kannen, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 557344 (July 31, 1996, Aurigemma, J.) (17 Conn. L. Rptr. 416, 417) (allowing deposition concerning settlement negotiations). "It has long been the law that offers relating to compromise are not admissible on the issue of liability. . . . So, too, it has long been established that an admission of fact made during negotiations, where the statement was intended to state a fact, is competent evidence." (Citation omitted.) SimoneCorp. v. Connecticut Light Power Co., 187 Conn. 487, 490,446 A.2d 1071 (1982). "Moreover, without the aid of discovery, patties would be unable to even attempt to establish whether any admissible statements of fact were made during the course of settlement discussions." Vezina v. Kannen, supra,17 Conn. L. Rptr. 417. Consequently, the fact that the deposition of Miriam Britt Benyus may concern settlement negotiations fails to bar the plaintiff from deposing her. Furthermore, the rules of discovery would allow the deposition because it may reveal admissible CT Page 1082 statements made by the defendant concerning his undue influence over the plaintiff's deceased mother. See Practice Book §13-2 (defining scope of discovery); Practice Book § 13-26
(discussing depositions). Accordingly, the court denies the motion to quash # 130.
MOTION TO QUASH # 131
The defendant moves to quash his subpoena on the ground that the requested information is immaterial and irrelevant. Furthermore, the defendant moves to quash on the ground that the plaintiff sought a subpoena primarily to harass him.
The court denies the motion to quash because the rules of discovery allow a deposition if it would reasonably lead to the discovery of admissible evidence. See Practice Book § 13-2
(defining scope of discovery); Practice Book § 13-26
(discussing depositions). Here, it is reasonable to assume that the defendant possesses information concerning the motivation of the plaintiff's deceased mother in transferring the land to him. Moreover, the checks sought by the plaintiff may reveal admissible evidence because they concern the defendant's involvement with the land. Accordingly, the court denies the motion to quash # 131.
In summary, the court denies the motions quash the subpoena duces tecum # 129, # 130 and # 131.
HICKEY, J.