[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM
This matter comes before the court as a result of the defendant Vladimir Mrvic's motion for a protective order pursuant to Practice Book § 13-5 and the plaintiffs' objection thereto. Mrvic seeks an order preventing the plaintiffs from taking the deposition of his wife, Laurel Smith Mrvic.
Mrs. Mrvic is not a party to this civil lawsuit in which the plaintiffs, Breadventures, Inc. and Clemente Micara, seek money damages from Mrvic based on allegations of breaches of contract and related claims arising from the business and activities of Breadventures, a corporation half owned by Micara and half owned by Mrvic.
Mrvic's motion for a protective order is based on the contention that he may assert a privilege to prevent Mrs. Mirvic from testifying adversely to his interests. There is no question that the plaintiffs seek testimony from Mrs. Mirvic which is adverse to her husband. They candidly concede that they want to ask about Mr. Mrvics activities while absent from the business; they claim that these absences were in dereliction of his duties as an officer of Breadventures. The motion raises three principal issues: (1) whether such a spousal privilege is recognized in Connecticut, (2) if it is, who can assert the privilege, and (3) whether a motion for a protective order is the proper means to raise the above issues.
A Connecticut Supreme Court case has recognized that at common law a privilege existed in civil litigation covering one spouse testifying against another in order to prevent discord between them; however, the court did not apply the privilege in the case. Spitz's Appeal, 56 Conn. 184
(1887) (holding that the privilege did not apply when husband and wife had conflicting interests or were opposing parties). In criminal cases a statute makes clear that the privilege not to testify lies solely with the witness, not with the witness' spouse. General Statutes § 54-84a:State v. Saia, 172 Conn. 37 (1976). Beyond that, however, Connecticut's appellate courts have had little to say on this subject.
The plaintiffs argue that this court should not recognize the privilege because no Connecticut appellate court has applied it in a civil case, CT Page 2554-p and at least one respected commentator has criticized the privilege with harsh words.
 This privilege has no longer adequate reason for retention. In an age which has so far rationalized, depolarized and dechivalrized the marital relation and spirit of femininity as to be willing to enact complete legal and political equality and independence of man and women, this marital privilege is the merest anachronism in legal theory and an indefensible obstruction to truth in practice.
8 J. Wigmore, Evidence § 2228.
On the other hand, the defendant points out that the privilege exists because the Connecticut General Assembly has felt it necessary to limit its applicability in certain contexts. See, General Statutes §§46b-129a (3) (husband and wife may testify as to any relevant matter in neglected child proceedings); and 52-146 (wife may be compelled to testify in an action against her husband for necessaries furnished her while living apart).
Two relatively recent Superior Court cases have recognized and applied the privilege to adverse testimony by one spouse against another. There is little this court can add to the analyses and conclusions of Chandlerv. Cardiothoracic and Vascular Group, P.C., Superior Court, judicial district of Waterbury at Waterbury, CV 94 014618 (November 18, 1998) (Sheldon, J.) (23 Conn.L.Rptr. 372), and DeGruttola v. Britt, Superior Court, judicial district of Hartford-New Britain at Hartford, FA 95 0551058 (January 2, 1996) (Barall, J.) (15 Conn.L.Rptr. 586). This court adopts the position taken in those two cases and holds that Connecticut law recognizes the privilege against adverse spousal testimony in civil cases.
The court turns now to the question of who can assert the privilege. In the criminal context General Statutes § 54-84a allows only the witness spouse, not the criminal defendant to assert the privilege. InTait's Handbook of Connecticut Evidence (3d ed. 2000) § 5.34, Professor Tait argues that the privilege should be restricted to the witness spouse "to be consistent with the rule in criminal cases." The two cases cited above take differing approaches. In Chandler Judge Sheldon granted a protective order sought by a husband preventing his wife from having to testify. In DeGruttola, on the other hand, Judge Barall granted a husband's motion for protective order `if' the wife CT Page 2554-q "properly asserted" the privilege. This court sides with the proposition that the privilege, clearly an impediment to the truth finding function of the adversarial system, can only be asserted by the witness spouse.
Two interrelated reasons form the basis for this conclusion. First, in our society at the beginning of the 21st century, the institution of marriage is based on mutual continuing consent. There are few legal barriers to dissolution of a marriage and a lessening number of financial and cultural barriers. To contend that permitting one spouse to prohibit the other spouse from testifying will maintain and strengthen the marital bonds is to ignore the tide of recent history. If the privilege is to be invoked, It should be done on the basis of the consent of the witness spouse, not over that spouse's objection or through his or her ignorance.
Second, although there is admittedly considerable conjecture here, if the witness spouse rather than the party spouse has the power to invoke the privilege, it would seem to increase the likelihood that its invocation will be for some purpose other than merely impeding the truth finding process.
Mrvic's motion for a protective order is the appropriate means to protect his interests even though the discovery sought by the plaintiff is from a non-party. Cahn v. Cahn, 26 Conn. App. 720 (1992), aff'd.,225 Conn. 666 (1993). Under our rules all questions posed at a deposition are to be answered, Practice Book § 13-30 (b), "unless . . . [a] party procures from the court a protective order precluding or limiting the scope of disclosure." Pavlinko v. Yale-New Haven Hospital,192 Conn. 138, 143 (1984). In order to preserve his claim Mrvic's only option was a motion under Practice Book § 13-5.
 CONCLUSION
The motion for a protective order is granted to the following extent: Laura Smith Mrvic has a privilege not to testify which she may assert at or before the deposition.
____________________ ADAMS, J.